UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| KRISTEN MCEVOY, | Case No. 3:24-cv-01497-AR |
| Plaintiff, | **AMENDED ORDER**[1] |
| v. | |
| WASHINGTON COUNTY /<br>WASHINGTON COUNTY DISTRICT<br>ATTORNEY'S OFFICE, | |
| Defendant. | |

_____

**ARMISTEAD, United States Magistrate Judge**

Before the court is a dispute between the parties regarding plaintiff Kristen McEvoy's

Second Amended Notice of Organizational Deposition. (Pl.'s Dep. Notice (Notice), ECF 22-1.)

_____

[1]     This Amended Order is issued to correct a typographical error in the court's prior order. The conclusion of the original order required McEvoy to strike subtopic (b) of topic 7, rather than subtopic (c), from her deposition notice. The court therefore STRIKES the original order. (ECF 23.)

The parties brought their discovery dispute to the court's attention on August 7, 2025, in accordance with this court's preference to resolve such matters informally. The court held a telephone conference on August 14, 2025, with Beth Plass appearing on behalf of defendant Washington County and Damien Munsinger appearing on behalf of McEvoy. (ECF 20.) At the conclusion of the conference, the court took certain issues under advisement and directed the parties to submit a joint status report summarizing the remaining issues. The parties timely submitted that report on August 21, 2025. (Joint Status Rep. (JSR), ECF 22.) For the reasons stated below, McEvoy must AMEND her Rule 20(b)(6) deposition notice in accordance with this order.

## BACKGROUND

The following events are taken from McEvoy's First Amended Complaint (FAC). (ECF 12.) In August 2022, McEvoy was hired as a Deputy District Attorney (DDA) for Washington County and assigned to the misdemeanor unit. (*Id.* ¶¶ 11, 13) Senior DDA Andrew Freeman initially supervised that unit alone. (*Id.* ¶ 14.) A few months into McEvoy's employment, however, Senior DDA Marie Atwood joined the unit as a co-supervisor. Around that same time, in December 2022, McEvoy disclosed to Freeman that she was pregnant. She did not make the same disclosure to Atwood, although Atwood eventually learned of McEvoy's pregnancy through other means. (*Id.* ¶¶ 18-22.) McEvoy alleges that Atwood bullied her for being pregnant and made repeated negative comments about McEvoy taking parental leave. In McEvoy's view, Atwood's attitude was indicative of a broader policy—pervasive throughout the DA's office—of routinely dissuading expectant mothers from taking parental leave or penalizing them for doing so. (*Id.* ¶¶ 23-26.)

Page 2 – AMENDED OPINION AND ORDER
*McEvoy v. Washington County*, 3:24-cv-01497-AR

Still, McEvoy took her parental leave in May 2023. On the day she returned to work, near the end of November 2023, McEvoy was immediately let go. (*Id.* ¶¶ 36-40.) McEvoy alleges that she was fired for "performance issues," specifically that she neglected to listen to all of her voicemail messages. (*Id.* ¶ 43.) McEvoy now brings this action against the County and the DA's office (together, Washington County) for alleged sex discrimination under Title VII of the Civil Rights Act of 1964, family leave retaliation, wrongful discharge, and violation of her Fourteenth Amendment right to equal protection under 42 U.S.C. § 1983. (*See id.* ¶¶ 64-123.) In addition to her organizational deposition notice, McEvoy has submitted a request for production with 53 requests, issued 13 requests for admission and four interrogatories, noticed five fact witnesses for depositions, and filed a public records request with the DA's office. (JSR at 1.)

Before coming to the court with this dispute, McEvoy amended her organizational deposition notice several times to address Washington County's concerns. After several revisions, however, the parties reached an impasse regarding two issues: the scope of certain deposition topics and the burden posed by others.

## LEGAL STANDARD

Federal Rule of Procedure 26(b)(1) defines the scope of discovery as "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." For the purposes of discovery, relevance is "defined very broadly." *Garneau v. City of Seattle,* 147 F.3d 802, 812 (9th Cir. 1998). But relevance is not boundless. The 2015 amendment to Rule 26(b) removed the phrase "reasonably calculated to lead to the discovery of admissible evidence" because it was often misconstrued to define the scope of discovery and, in practice,

often swallowed any existing limitations in the rule. FED. R. CIV. P. 26(b)(1) advisory committee's notes (2015 amendment).

The 2015 amendment also "restor[ed] proportionality as an express component of the scope of discovery." *Id.* When considering the proportionality of a party's discovery request, the court must consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." FED. R. CIV. P. 26(b)(1). Rule 26 provides district courts with broad discretion to limit discovery that is irrelevant to any party's claim or defense or disproportional to the needs of the case. The court is also required to curb discovery that is unreasonably cumulative or can be obtained through less burdensome or less expensive means. FED. R. CIV. P. 26(b)(C)(i).

In discovery, parties suing a corporation or other kind of organization will want to learn what is "known" by that organization but may be unsure as to who to depose. *Updike v. Clackamas County*, 3:15-cv-00723-SI, 2016 WL 111424, at *1 (D. Or. Jan. 11, 2016). In those instances, parties may notice the organization as a deponent, and the named organization must then identify designated representatives to testify on its behalf. FED. R. CIV. P. 30(b)(6). Rule 30(b)(6) depositions allow parties "to obtain sworn admissions that are binding on the organization." *Naini v. King County Pub. Hosp. Dist. No. 2*, C19-0886-JCC, 2019 WL 6877927, at *2 (W.D. Wash. Dec. 17, 2019). Before Rule 30(b)(6) was enacted, organizations would often engage in a practice known as "bandying," in which corporate witnesses would "honestly

disclaim[] knowledge of facts that [were] known to other persons in the organization," increasing the expense and burden of the party seeking discovery. *Updike*, 2016 WL 111424, at *2.

Rule 30(b)(6) depositions are thus powerful discovery tools. *Naini*, 2019 WL 6877927, at *2. But for the rule to function effectively, each party must take care to comply with their reciprocal obligations. The serving party must "designate, with painstaking specificity, the particular subject areas that are intended to be questioned." *Updike*, 2016 WL 111424, at *3. Those subject areas must fall within the scope defined by Rule 26—meaning they must be relevant and proportional. *Naini*, 2019 WL 6877927, at *2. In response, organizations have a duty to designate as many witnesses as necessary to sufficiently address the topics described in the notice, as well as prepare those witnesses to give "complete, knowledgeable, and binding answers on [its] behalf." *Vantage Mobility Int'l, LLC v. Kersey Mobility, LLC*, CV-19-04684-PHX-JJT, 2021 WL 148651, at *1 (D. Ariz. Jan. 15, 2021).

Even where a 30(b)(6) notice is perfectly drawn, courts recognize that preparing for such a deposition may be burdensome or onerous for an organization. *Updike*, 2016 WL 111424, at *2. But that burden is justified by the benefits of the rule, which prevents an inquiring party from conducting fruitless deposition after fruitless deposition, "vainly searching for a deponent who is able to provide a [binding] response." *Sprint Commc'ns Co., L.P. v. Theglobe.com, Inc.*, 236 F.R.D. 524, 528 (D. Kan. 2006).

## DISCUSSION

A.    ***Scope of Discovery***

Washington County lodges several objections regarding the scope of the noticed topics. To start, Washington County asserts that the timeframes for topics 3, 4, 7, 8, 10, 11, and 12 are

Page 5 – AMENDED OPINION AND ORDER
*McEvoy v. Washington County*, 3:24-cv-01497-AR

overbroad. (JSR at 2.) In response, McEvoy argues that the timeframes are proportional to her

claims and in particular, her *Monell* theory of liability. (*Id.* at 3.) Topics 3 and 4 seek information

spanning approximately five years and five months, from July 1, 2018, when current DA Kevin

Barton assumed office, to November 2023, when McEvoy was terminated. (Notice at 3-4.) The

remaining topics seek information from July 1, 2018 to the present. (*Id.* at 5-7.) McEvoy asserts

that, because DA Barton is a "highly-relevant" policymaker, defining the scope of discovery with

his tenure is reasonable. (JSR at 5.)

   *1. Topics 3 and 4*

   As to topics 3 and 4, the court agrees with McEvoy that a five-year period is proportional

to the needs of the case. To prevail on a *Monell* theory of liability, McEvoy must prove that her

constitutional rights were violated due to a widespread policy, practice, or custom of

discriminating against pregnant employees and employees taking parental leave. *See Monell v.*

*Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690-95 (1978). It follows, then, that

*Monell* claims will require extensive discovery. As Judge Deborah Barnes has explained,

> [d]istrict courts addressing discovery-related disputes in cases involving *Monell*
> claims have routinely recognized that such claims often require a broad and
> substantial amount of discovery that would not be involved if the plaintiff sued
> only the individuals directly involved in the deprivation of his rights. The very
> nature of a *Monell* claim often necessarily implicates burdensome, but not unduly
> burdensome, discovery.

*Puckett v. County of Sacramento*, 2:22-CV-0350-KJM-CKD, 2024 WL 1332264, at *2 (E.D. Cal.

Mar. 28, 2024) (citing *Awalt v. Marketti*, 11 C 6142, 2012 WL 6568242, at *3 (N.D. Ill. Dec. 17,

2012) (simplified). McEvoy is "entitled to discover information over a sufficient time period in

order to ascertain whether a custom is persistent and widespread." *Est. of Marshall v. City of Forest Grove*, 3:22-CV-01470-YY, 2023 WL 6476618, at *4 (D. Or. Oct. 5, 2023).

With few exceptions, courts have converged on approximately five years as a reasonable scope of discovery for *Monell* claims. *See*, *e.g.*, *I.R. v. County of Los Angeles*, 2:23-CV-07073-MRA-BFM, 2024 WL 4402449, at *1 (C.D. Cal. Aug. 15, 2024) (limiting scope of discovery to five years preceding the constitutional violation); *Bosworth v. City of San Jose*, 18-CV-05459 NC, 2019 WL 13039539, at *1 (N.D. Cal. July 8, 2019) (same); *Ortiz v. Pierce County*, 3:22-CV-05947-JLR-TLF, 2024 WL 4605242 (W.D. Wash. Oct. 29, 2024) (same); *Hipschman v. County of San Diego*, 738 F. Supp. 3d 1332, 1336–37 (S.D. Cal. 2024) (limiting discovery to the five years preceding and the one year after the alleged violation); *C.B. v. Moreno Valley Unified Sch. Dist.*, 5:21-CV-00194-JGB-SP, 2022 WL 19775028, at *4 (C.D. Cal. Aug. 18, 2022) (observing that limiting discovery to five years is both sufficient to establish a *Monell* claim and a necessary counterweight to the "burden and expense of such discovery requests").

The court is not inclined to disturb that reasoning simply because the discovery at issue is a 30(b)(6) deposition. *See Puckett v. County of Sacramento*, 2:22-CV-0350 KJM DB, 2024 WL 1199473, at *5 (E.D. Cal. Mar. 20, 2024) (permitting 30(b)(6) deposition to cover 15 years); *White v. City of Cleveland*, 417 F. Supp. 3d 896, 910 (N.D. Ohio 2019) (limiting 30(b)(6) deposition to the preceding five years through present day).

Topics 3 and 4 concern the DA office's procedures for unit and case assignments, performance evaluations, feedback, reporting complaints, as well as the DA's policies on discrimination and harassment. (Notice at 3-4.) Those topics are relevant to McEvoy's claims, and a timeframe of five years is proportional to prove municipal liability.

Washington County takes issue with subtopic (a) of topic 3 in particular, which inquires as to the total number of DDAs broken down by gender and unit. The County asserts that that number could be requested more efficiently through interrogatory. (JSR at 2.) But McEvoy is entitled to ask about that kind of statistical data even if it has been produced, or could have been produced, in another format. Whether Washington County has produced, or could have produced, a responsive document to a noticed 30(b)(6) topic does not bear on its obligation to provide deposition testimony. *Westmoreland v. Regents of the Univ. of California*, 2:17-CV-01922-TLN-AC, 2019 WL 932220, at *7 (E.D. Cal. Feb. 26, 2019). As the court in *Naini* noted, "there is a difference between seeing statistics on a page and asking a corporate representative to explain those statistics at a deposition." 2019 WL 6877927, at *5. Even if a 30(b)(6) deposition is not the most efficient vehicle for obtaining that information, that subtopic is neither irrelevant nor unreasonably drawn. *See Malch v. Dolan*, EDCV15517DDPKKX, 2018 WL 6017000, at *4 (C.D. Cal. Apr. 12, 2018). Washington County's objections to topics 3 and 4 are overruled.

   *2.  Topics 7 and 8*

Washington County's objections to topics 7 and 8, on the other hand, are sustained as overbroad. Those topics specify a longer timeframe of seven years, tracking to the present day. (Notice at 5-7.) In response to Washington County's objection, McEvoy states only that those topics are "deeply relevant" to her *Monell* claim. (JSR at 5.) McEvoy has not adequately explained why seven years, rather than five, is proportional here.

Topics 7 and 8 pertain to customs, practices, and policies regarding pregnancy and family leave in the DA's office, as well as complaints, training, and discipline arising from pregnancy discrimination or family leave retaliation. (Notice at 5-6.) Like topics 3 and 4, those topics are,

Page 8 – AMENDED OPINION AND ORDER
*McEvoy v. Washington County*, 3:24-cv-01497-AR

on the whole, relevant to McEvoy's *Monell* claim. So, for the above reasons, five years is an appropriate timeframe for topics 7 and 8.[2]

However, Washington County also objects to many of the subtopics in topic 7 as "vague." (JSR at 2.) The court agrees that subtopics (a) (attitudes and practices toward pregnant employees) and (c) (statements or communications about family leave being a "vacation") are not described with enough reasonable particularity and should be stricken. That said, "a deposition topic need not be free from all ambiguity because ambiguity is, to some degree, inevitable." *Naini*, 2019 WL 6877927, at *4. The remaining topics are not so vague as to be unduly burdensome.

In *Updike*, the plaintiff sought testimony regarding a sheriff office's policies and procedures (including unwritten procedures) regarding deaf or hard of hearing inmates' access to medical care and recreational activities, as well as how those policies had been "carried out." 2016 WL 111424, at *7. Defendant objected to plaintiff asking how those policies had been "carried out" on the grounds that the topic was "vague and ambiguous." *Id.* The court disagreed and held that was a "reasonable area for inquiry" in light of plaintiff's claims. *Id.*

---

[2]       Although the court finds limiting discovery to five years to be proportional for a 30(b)(6) deposition, Washington County should not rely on that finding in an attempt to limit other forms of discovery requested by McEvoy. Indeed, where a plaintiff has brought a *Monell* claim, several courts in this circuit have permitted requests for production that span beyond the alleged incident. *See, e.g.*, *Est. of Marshall*, 2023 WL 6476618 (permitting discovery of training materials through present day), at *5; *Hipschman*, 738 F. Supp. 3d at 1343 (permitting discovery of relevant documents through one year after the alleged incident); *Briones v. City of San Bernardino*, CV 10-7571-CBM (OPX), 2011 WL 13315446, at *2 (C.D. Cal. Aug. 10, 2011) (permitting discovery of relevant documents through date of court's order); *see also Henry v. County of Shasta*, 132 F.3d 512 (9th Cir. 1997), *as amended by*, 137 F.3d 1372 (9th Cir. 1998) ("post-event evidence is not only admissible for purposes of proving the existence of a municipal defendant's policy or custom but may be highly probative with respect to that inquiry").

So too here. The majority of topic 7's subtopics are relevant to McEvoy's claims and described with reasonable particularity. In addition to seeking information about the general implementation of family leave policies, McEvoy seeks testimony regarding the customary length of family leave recommended by the DA's office. (Notice at 5.) That *informal* policy is just one way that the DA's office "carried out" whatever *formal* policies or procedures it had on the books at the time McEvoy was employed. The court sustains Washington County's objection as to subtopics (a) and (c) but overrules it as to the remaining subtopics.

    *3. Topics 10, 11, and 12*

Washington County's objections to the timeframes for topics 10, 11, and 12 are also sustained as overbroad. Those topics seek discovery on treatment of DDAs by gender, treatment of employees taking family leave compared to those who did not, and voicemail monitoring and performance standards. (Notice at 6-7.) Topics 10, 11, and 12 relate most clearly to the merits of her Title VII discrimination and equal protection claims, rather than her theory of municipal liability under *Monell*. McEvoy alleges that, as a pregnant person, she was treated differently from similarly situated individuals who were not pregnant. (FAC ¶ 71.) To prove disparate treatment, McEvoy may rely on comparator evidence or evidence of other circumstances that would give rise to an inference of discrimination. *Peterson v. Hewlett-Packard Co.*, 358 F.3d 599, 603 (9th Cir. 2004). Accordingly, courts routinely extend the scope of discovery in discrimination cases to a reasonable period of time before and after the alleged violation. *See Murphy v. Kmart Corp.*, 255 F.R.D. 497, 510 (D.S.D. 2009) (collecting cases).

Here, the alleged discriminatory conduct occurred in November 2023, when McEvoy was terminated. (FAC ¶ 39.) Courts are not entirely consistent on what is considered a proportional

timeframe for a 30(b)(6) deposition in discrimination cases. *See Flowers v. Fred Hutchinson Cancer Rsch. Ctr.*, C17-0989-JCC, 2018 WL 4184331, at *3 (W.D. Wash. Aug. 31, 2018) (finding a date range spanning 12 years to be appropriate for certain topics); *Westmoreland v. Regents of the Univ. of California*, 2:17-CV-01922-TLN-AC, 2019 WL 932220, at *6 (E.D. Cal. Feb. 26, 2019) (11 years); *Anstead v. Virginia Mason Med. Ctr.*, 221CV00447JCCJRC, 2022 WL 1641425, *4 (W.D. Wash. May 24, 2022) (five years for certain topics, longer for others). That said, where the defendant is the plaintiff's employer, timeframes that start with plaintiff's first day of employment and run through the present day are often found to be appropriate for the comparator inquiry. *See id.* The court did not identify any discrimination cases (that lacked accompanying *Monell* claims) permitting 30(b)(6) discovery from before the plaintiff began their employment. Accordingly, the timeframe for topics 10, 11, and 12 should be limited to McEvoy's start date in August 2022 through the present, roughly three years.[3]

Washington County asserted that the timeframes for topics 10 and 11 (as well as 7) were so "expansive" and "unwieldy" that preparing a witness would be "nearly impossible." (JSR at 2.) Because Washington County did not propose an alternative timeframe for any of the noticed topics, the court is unaware if Washington County considers three (or five) years to be workable. That said, the court reminds Washington County that it is reasonable for it to be required to

---

[3]    Subtopic (c) of topic 11 could be relevant to McEvoy's *Monell* claim as it concerns return-to-work procedures for employees who took family leave. (Notice at 7.) However, that subtopic and subtopic (h) of topic 7 are nearly identical. (*Id.* at 5.) Thus, limiting the timeframe for topic 11 should not preclude McEvoy from inquiring into return-to-work procedures for the entire timeframe permitted for topic 7.

designate someone who is intimately familiar with the DA's family leave policies, procedures, and practices covering a significant period of time. *See Malch*, 2018 WL 6017000, at *4.

In *Malch*, a breach of settlement action between a chef and a chain of vegan restaurants, the plaintiff proposed the following topic for a Rule 30(b)(6) deposition:

> Topic 12: Organization and structure of NATIVE FOODS between January 1, 2012 and December 31, 2017 RELATING TO ownership, command and leadership hierarchy, accounts payable, accounts receivable, allocation of RESTAURANT expenses, capital infusion for RESTAURANT needs when RESTAURANT needs exceed cash on hand at the RESTAURANTS, revenue and profit allocations and distributions, and debt allocation and responsibility.

*Id.* Defendants objected, asserting that preparing a witness to testify on every single restaurant was an "unwieldy task that courts should not condone or require." *Id.* The court in *Malch* overruled that objection, finding the topic relevant and that requiring the defendants to designate someone familiar with the financial organization of the company was reasonable. *Id.* The same reasoning applies here.

Further, "[t]he need to adequately prepare a Rule 30(b)(6) designee does not, on its own, create undue burden." *Ellis v. Corizon, Inc.*, 1:15-CV-00304-BLW, 2018 WL 1865158, at *5 (D. Idaho Apr. 18, 2018). The fact that preparing a witness to testify on a topic may be onerous does not make that topic overbroad or disproportionate to the needs of the case. *Id.*; *see also Prokosch v. Catalina Lighting, Inc.*, 193 F.R.D. 633, 639 (D. Minn. 2000) ("[T]he burden upon the responding party, to prepare a knowledgeable Rule 30(b)(6) witness, may be an onerous one, but we are not aware of any less onerous means of assuring that the position of a corporation, that is involved in litigation, can be fully and fairly explored.").

In sum, Washington County must make a meaningful, good-faith effort to prepare a witness (or witnesses) to testify on the noticed topics. Only after it reviews "all matters known or reasonably available to it" (and can testify as to those preparation efforts), may Washington County plead lack of institutional memory or knowledge in its deposition. *Ellis*, 2018 WL 1865158, at *5 (citing *United States v. Taylor*, 166 F.R.D. 356 (M.D.N.C. 1996)).

**B.      *Undue Burden***

Washington County objects to topics 5, 6, and 9 as not appropriate for a 30(b)(6) deposition given that the following percipient fact witnesses have been noticed to testify: DA Kevin Barton, Andrew Freeman, and Marie Atwood, plus representatives from the DA office's human resources and administration departments. (JSR at 2.) Topic 5 concerns McEvoy's hiring and job performance; Topic 6 concerns the circumstances surrounding her termination. Topic 9 pertains to Atwood's supervision of McEvoy. (Notice at 4-6.)

In Washington County's view, designating and preparing a 30(b)(6) witness to also testify on information known to the noticed fact witnesses is unduly burdensome and "not within the spirit or purpose of an organizational deposition." (JSR at 3.) In response, McEvoy argues that those topics are relevant in that they will reveal the "organizational context, policies, and decision-making frameworks" governing the employment relationship between the DA's office and McEvoy. Importantly, McEvoy notes that none of the fact witnesses' testimony will be binding on the County. (*Id.* at 6.)

Washington County relies on *Jones v. Hernandez* to argue that designating a 30(b)(6) deponent would be unduly burdensome because it would require it to:

Page 13 – AMENDED OPINION AND ORDER
*McEvoy v. Washington County*, 3:24-cv-01497-AR

designate a witness who would then be required to interview each percipient
witness to the events in question, gather information about what happened, and
then testify about occurrences that he did not observe, without personal
knowledge. When percipient witnesses are available to testify, it is unduly
burdensome to expect the entity to interview them and then bind itself to any
mistakes made in relaying their testimony secondhand through a 30(b)(6)
deponent.

2018 WL 1981207, at *3 (S.D. Cal. Apr. 27, 2018).

But the holding in *Jones* is not settled law, nor is it controlling precedent. Far from it.
Many courts in this circuit have held that the fact that the noticed fact witnesses can or will
testify on a topic does not relieve an organization of its Rule 30(b)(6) obligations, nor does it
make a 30(b)(6) topic necessarily cumulative or burdensome. *See Puckett v. County of
Sacramento*, 2:22-CV-0350 KJM DB, 2024 WL 1641888, at *7 (E.D. Cal. Apr. 16, 2024);
*Louisiana Pac. Corp. v. Money Mkt. 1 Institutional Inv. Dealer*, 285 F.R.D. 481, 487 (N.D. Cal.
2012) (collecting cases). That is because a fact witness's deposition binds only that witness,
while a 30(b)(6) deposition binds the organization as a whole. *Naini,* 2019 WL 6877927, at *3. A
fact witness's position and an organization's position are distinct. *Sunwood Condo. Ass'n v.
Travelers Cas. Ins. Co. of Am.*, C16-1012-JCC, 2017 WL 1652965, at *2 (W.D. Wash. May 2,
2017). Even if some topics are cumulative, the organization has the burden to show those topics
are *unreasonably* cumulative and therefore unduly burdensome. FED. R. CIV. P. 26(b)(2)(C)(i);
*see also Bizzaro v. First Am. Title Co., LLC*, 2:15-CV-00320-DB-DBP, 2016 WL 2939146, at *3
(D. Utah May 19, 2016).

Here, Washington County has not met its burden. McEvoy seeks *Washington County's*
position on her job performance, termination, and Atwood's treatment and supervision of her.
Washington County's position on those topics may differ (perhaps significantly) from Freeman

Page 14 – AMENDED OPINION AND ORDER
*McEvoy v. Washington County*, 3:24-cv-01497-AR

or Atwood's positions. [4] *See Kelly v. Provident Life & Acc. Ins. Co.*, 04CV807-AJB BGS, 2011 WL 2448276, at *4 (S.D. Cal. June 20, 2011) ("[T]estimony provided by employees as individuals does not satisfy the need for [p]laintiff to obtain binding testimony from the corporate entity."). Considering Washington County is a party to the case, its position on those topics is relevant. *Sunwood Condo. Ass'n*, 2017 WL 1652965, at *2. Potential overlap in questions posed to fact witnesses and Washington County's designated deponent does not, by itself, foreclose questioning on those topics. *See Est. of Marshall*, 2023 WL 6476618, at *7; *Westmoreland*, 2019 WL 932220, at *7 (observing that, even if a fact witness is better equipped to testify on a topic, a 30(b)(6) deponent is still "capable of providing testimony from the employer's perspective").

That said, the court is sympathetic to Washington County's concerns about efficiency. Two points on that note. First, Washington County may, if it wishes, designate the percipient fact witness as the Rule 30(b)(6) deponent—indeed, it is common to do so. *See In re Soc. Media Adolescent Addiction/Pers. Inj. Prods. Liab. Litig.*, 22-MD-03047-YGR (PHK), 2025 WL 1009362, at *6 (N.D. Cal. Apr. 4, 2025) (collecting cases). The crux of Washington County's objection is the resource-intensive effort of preparing for a 30(b)(6) deposition "covering the same ground" as the fact witnesses depositions; the crux of McEvoy's response is that, without a

---

[4]    McEvoy's argument is particularly well-taken with regard to topic 6, the circumstances surrounding her termination. McEvoy is not in a position to know everyone who played a role in her termination decision, as she was not in the office for the six months prior and was terminated on her first day back. (FAC ¶¶ 36-40.) *See Updike*, 2016 WL 111424, at *1 ("[W]hen an organization is a party, the opposing party may be uncertain precisely whom to depose within that organization in order to learn what is 'known' by that organization. Rule 30(b)(6) attempts to address this need[.]").

30(b)(6) deposition on these topics, she will not have any testimony binding Washington County on her hiring, firing, or Atwood's supervision. (*See generally*, JSR.) To meet the needs of both parties, Washington County may designate those fact witnesses and prepare them to testify outside the scope of their personal knowledge, if necessary, on its behalf. If Washington County elects to do so, the court would urge McEvoy to be amenable to any reasonable accommodation request on the part of the County, including any request to conduct the individual depositions and 30(b)(6) depositions together.

Finally, although the permitted topics are not overly burdensome on their face, McEvoy's inquiry must stay within the bounds of Rule 26. Indeed, the court has a duty to prevent a party from using a 30(b)(6) deposition as an opportunity to abuse or harass the opposing party. *Louisiana Pac. Corp.*, 285 F.R.D. at 487. Although it is Washington County's duty to review previous depositions and be prepared to explain any discrepancies between its 30(b)(6) testimony and fact witness testimony, McEvoy should not seek to *create* any discrepancies by forcing a 30(b)(6) deponent to engage in a "memory test" regarding prior testimony. *Bizzaro*, 2016 WL 2939146, at *3; *Est. of Marshall*, 2023 WL 6476618, at *7 ("[I]t is simply impractical to expect Rule 30(b)(6) witnesses to know the intimate details of everything.").

## CONCLUSION

In sum, McEvoy must AMEND her 30(b)(6) deposition notice as follows:

- AMEND the timeframes for topics 7 and 8 to conform to the timeframes for topics 3 and 4

- STRIKE subtopics (a) and (c) from topic 7

Page 16 – AMENDED OPINION AND ORDER
*McEvoy v. Washington County*, 3:24-cv-01497-AR

- AMEND the timeframes for topics 10, 11, and 12 to begin with McEvoy's August 2022 start date and run through present day

DATED:  September 16, 2025

_____
JEFF ARMISTEAD
United States Magistrate Judge