UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

KRISTEN MCEVOY,

               Plaintiff,

v.

WASHINGTON COUNTY /
WASHINGTON COUNTY DISTRICT
ATTORNEY'S OFFICE,

               Defendant.

Case No. 3:24-cv-01497-AR

**ORDER & OPINION**

**ARMISTEAD, United States Magistrate Judge**

       Plaintiff Kristen McEvoy moves to quash defendant Washington County's nonparty subpoena to the Multnomah County District Attorney's office. (ECF 33.) McEvoy alleges that she was terminated (or forced to resign) from her position as a Washington County Deputy District Attorney (DA) after a period of parental leave. She brings constitutional, civil rights, and state-law claims related to her termination (or forced resignation). The court has described the facts and claims in an earlier ruling (ECF 24) and incorporates those by reference.

Before she was hired by Washington County, McEvoy worked as a deputy DA for Multnomah County from October 2021 to August 2022. In its subpoena, Washington County seeks to discover McEvoy's entire Multnomah County personnel file, save medical or health records. McEvoy asserts that the subpoena should be quashed because the file and its contents fall outside the scope of discovery permitted by Federal Rule of Civil Procedure 26. For the reasons stated below, McEvoy's motion is GRANTED in part and DENIED in part.

## LEGAL STANDARD

Federal Rule of Civil Procedure 26(b)(1) defines the scope of discovery as "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." For the purposes of discovery, relevance is "defined very broadly." *Garneau v. City of Seattle*, 147 F.3d 802, 812 (9th Cir. 1998). Yet relevance is not boundless. The 2015 amendment to Rule 26(b) removed the phrase "reasonably calculated to lead to the discovery of admissible evidence" because, in practice, it often swallowed any existing limitations in the rule. FED. R. CIV. P. 26(b)(1) advisory committee's notes to 2015 amendment. The 2015 amendment also restored proportionality as an express component of the scope of discovery. *Id.*

When considering the relevance and proportionality of a party's discovery request, the court must consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." FED. R. CIV. P. 26(b)(1). Rule 26 provides district courts with broad discretion to limit discovery that falls outside its scope. The court is

also required to curb discovery that is unreasonably cumulative or can be obtained through less burdensome or less expensive means. FED. R. CIV. P. 26(b)(C)(i).

Subpoenas, including those served on nonparties, must adhere to the scope of discovery defined in Rule 26. *See Doe v. Tchrs. Council, Inc.*, 3:23-CV-01747-AN, 2025 WL 1782227, at *1 (D. Or. June 27, 2025) ("The scope of discovery for non-party subpoenas is identical to that permitted under FRCP 26."). Additionally, a subpoena must be modified or quashed if it "requires disclosure of privileged or other protected matter" or "subjects a person to undue burden." FED. R. CIV. P. 45(d)(3)(A)(iii-iv). On a motion to quash, the moving party bears the burden of showing why discovery should not be permitted. *Yufa v. Hach Ultra Analytics*, 1:09-CV-3022-PA, 2014 WL 11395243, *1 (D. Or. Mar. 4, 2014); *see also Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975) (party opposing discovery has a "heavy burden of showing why discovery was denied").

## DISCUSSION

Washington County seeks discovery of McEvoy's complete personnel file from her time at the Multnomah County DA's Office, including "any correspondence, applications, performance reviews, notes, disciplinary action(s), and/or documents related to separation from employment." (Munsinger Decl., Ex. 1 at 1, ECF 34-1.) McEvoy contends that the subpoena should be quashed or modified on the grounds that it is overbroad, not reasonably calculated to lead to the discovery of admissible evidence, and infringes on her constitutionally protected

privacy rights. (Mot. Quash at 6, ECF 33.) In response, Washington County argues that the personnel records are relevant to McEvoy's alleged damages.[1]

## A. *Proportionality*

In McEvoy's view, the request for her entire personnel file is overly broad because it is not limited in time, subject matter, or content. (Mot. Quash at 2.) Courts in this circuit have routinely quashed or modified similar nonparty subpoenas requesting a plaintiff's complete personnel file from former employers. *See Belling v. DDP Holdings, Inc.*, EDCV121855MMMOPX, 2013 WL 12140986, at *3 (C.D. Cal. May 30, 2013) (finding "blanket requests for all personnel records from three former employers" to be "overbroad on their face and amount to a fishing expedition"); *Lewin v. Nackard Bottling Co.*, CV 10-8041-PCT-FJM, 2010 WL 4607402, at *1 (D. Ariz. Nov. 4, 2010) (quashing as overbroad subpoenas requesting plaintiff's complete personnel records from former employers); *Luck v. Univ. of San Diego*, 13CV3088 JLS BGS, 2014 WL 7111950, at *4 (S.D. Cal. Oct. 3, 2014) (modifying subpoenas seeking "any and all" employment records from former employers); *Cannata v. Wyndham Worldwide Corp.*, 2:10-CV-00068-PMP, 2011 WL 3794254, at *3 (D. Nev. Aug. 25, 2011)

---

[1]     Washington County does not oppose McEvoy's standing to challenge the subpoena. The Ninth Circuit has not yet weighed in on a party's standing to challenge a nonparty subpoena. *Eritrean Ass'n of Greater Seattle v. Gebrekidan*, 3:24-CV-05517-DGE, 2025 WL 2614106, *2 (W.D. Wash. Sept. 10, 2025). Even so, courts in this circuit and others agree that an objecting party must have "some personal right or privilege" with respect to the documents sought in order to have standing to quash a nonparty subpoena. *See, e.g.*, *id.* (collecting cases); *Wickersham v. Eastside Distilling, Inc.*, 692 F. Supp. 3d 1052 (D. Or. 2023), *aff'd in relevant part*, 713 F. Supp. 3d 1013 (D. Or. 2024). Generally, records that implicate the party's constitutional right to privacy are sufficient for standing purposes. *Soto v. City of Concord*, 162 F.R.D. 603, 616 (N.D. Cal. 1995); *see also Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033 (9th Cir. 1990) (recognizing that employee personnel files are not absolutely privileged but are confidential in nature).

(observing that the court had previously quashed as overbroad nonparty subpoenas seeking "any and all records" from plaintiffs' previous employers).

In those instances, however, defendants sought entire personnel files from former employers, and the scope of those subpoenas included years, if not decades, of employment records. That is not the case here. As Washington County points out, McEvoy only worked for Multnomah County for 10 months. (Resp. at 2, ECF 36.) The scope of the subpoena is not overbroad as to time or recipient.

## B.  *Relevance*

Even so, the court must balance Washington County's need for the personnel records against McEvoy's right to privacy. *Tierno v. Rite Aid Corp.*, 5-cv-2520-TEH, 2008 WL 3287035, at *3 (N.D. Cal. July 31, 2008). McEvoy "has a legitimate privacy interest in the contents of her employment-related files." *Arigbon v. Multnomah County*, CV. 09-311-PK, 2009 WL 3335064, at *2 (D. Or. Oct. 15, 2009). But because McEvoy has put her employment records at issue by bringing this employment action, those privacy rights are reduced. *See Smith v. Legacy Partners Inc.*, 221CV00629JHCBAT, 2022 WL 1194125, at *4 (W.D. Wash. Apr. 21, 2022) (collecting cases).

Washington County asserts that the personnel records are relevant to three categories of McEvoy's alleged damages: (1) emotional distress; (2) lost earning capacity; and (3) reputational harm. The court finds that McEvoy's prior personnel file is relevant to her alleged lost earning capacity and reputational harm but not to her alleged emotional distress.

*Emotional Distress.* McEvoy seeks damages for the alleged anxiety, fear, humiliation, stress, and loss of enjoyment of life she experienced following her termination. Washington

County argues that McEvoy's personnel file may reveal "alternative sources" for that emotional distress unrelated to Washington County's conduct. Washington County cites no authority for its position, and the court finds that proffered justification to be unsupported and unpersuasive.

Absent a claim for severe emotional injury or evidence of emotional distress bordering on a diagnosed medical condition, neither of which is asserted here, prior employment records are generally not relevant to "garden variety" claims of emotional distress. *Belling*, 2013 WL 12140986, at *4 (citing *Nunez v. City of New York*, 11 Civ. 5845 (LTS) (JCF), 2013 WL 2149869, at *9 (S.D.N.Y. May 17, 2013); *see also Hardin v. Mendocino Coast Dist. Hosp.*, 17CV05554JSTTSH, 2019 WL 1493354, at *5 (N.D. Cal. Apr. 4, 2019) (denying a similar request for former employment records because plaintiff's emotional distress claim was "not substantial enough to warrant [such] discovery"); *Kovalenko v. Kirkland & Ellis LLP*, 22-CV-05990-HSG (TSH), 2024 WL 664691, at *6 (N.D. Cal. Feb. 16, 2024) ("A prior bout of depression or anxiety from a distressing time at a previous job would not tend to disprove this sort of [garden variety] claim of emotional distress.").

McEvoy does not waive "her right of privacy by asserting nothing more than a garden-variety claim of emotional distress." *Belling*, 2013 WL 12140986, at *4. Washington County's first relevance argument fails.

*Lost Earning Capacity and Reputational Harm.* Next, Washington County argues that any evidence of prior performance or disciplinary issues in McEvoy's personnel file may support a showing of her "true earning capacity" and undermine her claim for lost future earnings. (Resp. at 3.) Those records, Washington County asserts, will speak to McEvoy's "historical job performance as a deputy district attorney, skills, and potential for advancement." (*Id.*)

Additionally, Washington County argues that McEvoy's evaluation and disciplinary records are relevant to any reputational harm she has incurred by providing a "baseline for measuring [her] reputation" and showing how she was "viewed by her supervisors." (*Id.* at 4.)

Past job performance can have some bearing on a plaintiff's future lost earning capacity. *See Rollins v. Traylor Bros.*, C14-1414-JCC, 2017 WL 1756576, at *5 (W.D. Wash. May 5, 2017) ("Defendants have an interest in finding evidence of other causes for Plaintiffs' alleged future impairment."); *Barsamian v. City of Kingsburg*, 1:07-CV-00316OWW GSA, 2008 WL 2168996, at *3 (E.D. Cal. May 22, 2008) (finding plaintiff's prior employment records relevant to alleged loss of future earnings). Similarly, where a plaintiff puts damage to their reputation at issue, past performance can be relevant "to assess the strength of [their] overall standing in the professional world." *Luck*, 2014 WL 7111950, at *7. That is especially true where the party seeking discovery can point to a "basis" for reviewing those performance evaluations. (*Id.*) In *Luck*, there was evidence that complaints about the plaintiff, a former dean and tenured professor at University of San Diego, had been lodged at the university defendant. (*Id.*) Here, there is at least some evidence that McEvoy received negative performance feedback that could bear on her professional reputation as a deputy DA. (*See generally*, Vickers Decl., Ex. 1.)

Thus, the court agrees that McEvoy's past performance or discipline may have some relevance here. Because only certain personnel documents will be relevant to impairment of future earnings or reputational harm, Washington County's request for McEvoy's *entire* personnel file is overbroad and must be modified. Washington County may review McEvoy's disciplinary records, performance evaluations, and any documents related to her termination of

employment. McEvoy's compensation history is also relevant to lost future earnings, and Washington County may also seek that information.

**CONCLUSION**

For the above reasons, McEvoy's motion to quash is GRANTED in part and DENIED in part. Washington County is ordered to modify the scope of its subpoena served on Multnomah County consistent with this order. A stipulated protective order has been issued in this case. (ECF 11.) Because employment records are confidential, *Sanchez*, 936 F.2d at 1033, all records provided by Multnomah County in response to the subpoena must be produced in accordance with that protective order.

DATED: January 21, 2026

_____
JEFF ARMISTEAD
United States Magistrate Judge