UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

KRISTEN MCEVOY,

Plaintiff,

v.

WASHINGTON COUNTY / WASHINGTON COUNTY DISTRICT ATTORNEY'S OFFICE,

Defendant.

Case No. 3:24-cv-01497-AR

**OPINION AND ORDER**

---

**ARMISTEAD, United States Magistrate Judge**

Before the court is the fourth discovery dispute between plaintiff Kristen McEvoy and defendant Washington County District Attorney. In accordance with this court's preference to resolve discovery disputes informally, the parties presented their positions via letter to the court. At issue is the production of Washington County employees' personal text messages. In a May discovery order granting in part McEvoy's motion to compel (ECF 41), the court ordered Washington County to produce relevant text messages. (Order, ECF 54 at 26.) In her letter,

McEvoy asserts that Washington County has failed to comply with that order because it has not supplemented its production with any previously unproduced texts. Washington County responds that, following the court's order, it requested responsive texts from employees. Management-level and human resources employees searched their personal devices and confirmed that they did not have any more messages to provide. Non-management employees, through their union counsel, declined to provide responsive texts. McEvoy asks the court to order Washington County to search for and produce responsive text messages or require Washington County to confirm that responsive text messages were not preserved.

Under Federal Rule of Civil Procedure 34, a party must produce discovery that is within its "possession, custody, or control." In the Ninth Circuit, "[c]ontrol is defined as the legal right to obtain documents upon demand." *In re Citric Acid Litig.*, 191 F.3d 1090, 1107 (9th Cir. 1999) (citing *United States v. Int'l Union of Petroleum & Indus. Workers, AFL-CIO*, 870 F.2d 1450, 1452 (9th Cir. 1989)). Because McEvoy is the party seeking discovery, it is her burden to show that Washington County has sufficient control over employees' personal text messages. *International Union*, 870 F.2d at 1452. With some exceptions, district courts in this circuit and other circuits have coalesced around a set of factors to determine whether employee communications on personal devices are within the "control" of the employer. Those factors are (1) whether the employer issued the devices; (2) whether the devices were used for business purposes; and (3) whether the employer has a legal right to obtain communications from the devices. *Krishnan v. Cambia Health Sols., Inc.*, 2:20-CV-574-RAJ, 2021 WL 3129940, at *2 (W.D. Wash. July 23, 2021) (collecting cases).

As an initial matter, text messages on devices provided by Washington County for work-related use are within Washington County's control. If Washington County has not yet searched employer-provided devices for relevant text messages within the scope of the court's May order, it is compelled to do so. However, it is the court's understanding that McEvoy seeks text messages on employees' personal devices. McEvoy has not shown that those text messages are sufficiently within Washington County's control.

It is undisputed that employees' personal devices were not issued by Washington County, so the first factor weighs against finding that there is control. On the second factor, McEvoy points to deposition evidence that indicates Washington County "conducted or discussed work using their personal phones." (*See* Mot. Compel, ECF 41 at 8-9.) None of the cited deposition testimony sufficiently establishes that Washington County employees used their personal phone for business purposes. On behalf of Washington County, Andrew Freeman testified that before McEvoy's employment ended, the county did not assign employees cell phones and that any relevant text messages would be on personal cell phones. (Munsinger Decl. Ex. 21, ECF 42-21 at 28:10-17.) He did not testify, however, that employees routinely used their personal devices in furtherance of work-related business, and the testimony of the other witnesses does not support that finding, either.

For instance, fact witness Mackenna Krohn explained that she texted with McEvoy about McEvoy's baby shower, as well as McEvoy's medical complications related to her pregnancy and intermittent scheduling issues that arose as a result. (*Id.* Ex. 23, ECF 42-23 at 127:25-130:24.) Another fact witness, Jessica King, expressed that Freeman may have discussed the duration of McEvoy's leave with her via text. (*Id.* Ex. 24, ECF 42-24 at 88:25-89:5.) Finally,

District Attorney Kevin Barton stated that it was not his practice to use his personal phone for anything work-related. (*Id.* Ex. 22, ECF 42-22 at 15:14-20.) The fact that some employees occasionally discussed work on their personal devices does not sufficiently establish that those devices were used for business purposes and thus within the "control" of Washington County. *See, e.g., Krishnan*, 2021 WL 3129940, at *2 (despite evidence of texts between employees discussing work-related material, plaintiff failed to establish that the devices were "routinely used for business purposes or to what extent"); *Reynolds v. City of Rochester*, 6:23-CV-06506 FPG CDH, 2026 WL 1145810, at *15 (W.D.N.Y. Apr. 28, 2026) (that members and employees of the Police Accountability Board communicated through personal devices, including occasionally about work, did not "specifically show that such communications were in furtherance of PAB-related business, as opposed to co-workers and colleagues having personal discussions").

And, on the third factor, there is no evidence that Washington County has a legal right to obtain communications from employees' personal devices. McEvoy contends that, under the litigation hold and state public records laws, Washington County has a duty to preserve responsive texts. Freeman affirmed in his organizational deposition that employees are instructed to preserve records on their personal devices in compliance with public records laws. (Munsinger Decl. Ex. 21, ECF 42-21 at 28:18-29:01.) In response to McEvoy, Washington County asserts that Oregon's public records law does not give Washington County the right to compel production of personal text messages from their employees. The court agrees—that right is vested with the public. Washington County's duty to preserve records and instruct employees to do the same does not confer a legal right to compel employees to produce personal text messages. And McEvoy does not present another source, like a handbook, policy, or contract,

that would provide Washington County with the legal right to obtain personal text messages. The third factor also weighs against that there is control.

Washington County asserts that, to ensure compliance with the court's May order, it again requested responsive text messages from employees. That certain employees searched and could not find any more relevant texts, and some declined to do so, is not evidence of Washington County's failure to comply.[1] Barton's statement in his deposition that he did not "recall" searching his personal phone does not cut against that finding. (Munsinger Decl. Ex. 22, ECF 42-22 at 15:14-20.) For one, Barton stated that he did not use his personal phone for work-related matters. For two, that deposition, and Barton' statement, occurred before the court's May order granting in part McEvoy's motion to compel. Taking Washington County's representations in its letter at face value, the court presumes Barton was asked again to provide any relevant text messages and again determined that he did not have any to produce.

Even when the court has found that an employer has control over an employee's personal device, "courts have only required the employer to ask the employee to search and produce responsive information." *Matter of Skanska USA Civ. Se. Inc.*, 3:20-CV-05980-LC/HTC, 2021 WL 4953239, at *3–4 (N.D. Fla. Aug. 5, 2021) (collecting cases across circuits). This court agrees with the court in *Skanska* that, even where personal devices *are* used for business purposes, employers are not entitled to seize and search the entire device themselves. *Id.* Here,

[1] Nor is it evidence of spoliation. McEvoy's belief that records have not been preserved simply because no more texts have been produced is speculative. Freeman, on behalf of Washington County, testified that record custodians were notified of their duty to comply with document retention policies. (Munsinger Decl. Ex. 21, ECF 42-21 at 29:02-13.) Indeed, that few text messages have been produced could just as easily indicate that Washington County employees rarely used their personal devices to discuss work-related matters.

Washington County has asked its employees more than once to search and produce relevant texts. Given that McEvoy fails to establish that Washington County has control over its employees' personal text messages, that is sufficient to show compliance with the court's May order. *See Goolsby v. County of San Diego*, 2019 WL 3891128, at * 4 (S.D. Cal. August 19, 2019) (finding lack of control where plaintiff offered only speculation that personal devices were used by employees and noting that, regardless, county had already asked employees to search for and produce relevant information).

DATED: August 18, 2026

JEFF ARMISTEAD
United States Magistrate Judge